# IN THE COURT OF APPEALS OF IOWA

No. 23-2031
Filed January 23, 2025

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JEREMY EVERETT GOODALE,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Jefferson County, Shawn Showers, Judge.

A defendant appeals his sentence after pleading guilty to first-degree murder. **AFFIRMED.**

Denise M. Gonyea of McKelvie Law Office, Grinnell, for appellant.

Brenna Bird, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Schumacher, P.J., and Badding and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Jeremy Everett Goodale appeals his sentence after pleading guilty to first-degree murder. Goodale was a juvenile at the time of the offense. Because we find the sentencing court did not abuse its discretion, we affirm.

## I.    *Background Facts and Proceedings.*

In mid-October 2021, Goodale's co-defendant approached Goodale and asked if he would help murder his Spanish teacher after receiving a failing grade in her class. Goodale agreed. The two surveilled the teacher over the next two weeks to learn her routine, discovering that she regularly took walks in a nearby park. Goodale and his co-defendant planned to attack her during her walk. On the afternoon of November 2, Goodale and his co-defendant followed the teacher as she walked along the trail. When they came upon her, Goodale and his co-defendant took turns beating her with a baseball bat. Goodale later confessed that he "caved her skull in with the bat and dragged her [corpse] off the trail." Afterwards, Goodale and his co-defendant wheeled the body around in a wheelbarrow and hid the body under a tarp because the ground was too frozen for burial. They cleaned off the baseball bat, and Goodale planned to return to the scene later to wipe down the car because there were also "[p]robably some prints" left behind. A friend of Goodale's reported the incident to law enforcement after Goodale bragged to him about the killing. Goodale told the friend that he killed the teacher because she "failed the wrong students."

The State charged Goodale with first-degree murder and conspiracy to commit a forcible felony. Pursuant to a plea agreement, Goodale pled guilty to

first-degree murder. The district court accepted his plea and dismissed the remaining count.

A two-day sentencing hearing was held in November 2023. Several witnesses testified, including investigating law enforcement officials and members of Goodale's family. Goodale also retained an expert, a board-certified clinical and forensic psychologist who testified to Goodale's high likelihood of rehabilitation. The court sentenced Goodale to life in prison with the possibility of parole after twenty-five years. Goodale appeals.[1]

## II. Review.

"We review for an 'abuse of discretion,' our most deferential standard, 'if the sentence is within the statutory limits.'" *State v. Roby*, 897 N.W.2d 127, 137 (Iowa 2017) (citation omitted). "An abuse of discretion may exist if the sentencing court fails to consider a factor, gives significant weight to an improper factor, or arrives at a conclusion that is against the facts." *State v. Majors*, 940 N.W.2d 372, 387 (Iowa 2020). "But if the court follows our outlined sentencing procedure by conducting an individualized hearing, applies the *Miller/Lyle/Roby* factors, and imposes a sentence authorized by statute and supported by the evidence, then we affirm the sentence." *Id.* (discussing the three seminal cases in mandatory-minimum sentences for juvenile offenders).

---

[1] Generally, a defendant does not have a right to appeal after pleading guilty. *See* Iowa Code § 814.6(1)(a)(3) (2024). But two exceptions apply: when a defendant pleads guilty to a class "A" felony and if the defendant establishes good cause. *Id.* § 814.6(1)(a)(3). Both exceptions apply here. Goodale pled guilty to first-degree murder, which is a class "A" felony. *See id.* § 707.2(2) (designating first-degree murder as a class "A" felony). He is also challenging his "sentence rather than the guilty plea" and therefore has good cause to pursue this appeal. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

### III.    Discussion.

Goodale contends the district court abused its discretion when sentencing him because it failed to consider certain factors specifically afforded to juveniles and imposed a mandatory minimum term.[2]  "[T]he sentencing court must consider the *Miller/Lyle/Roby* factors in an individualized sentencing hearing if it is contemplating imposing a mandatory minimum sentence on a juvenile offender." *Id.* at 386.  Only "after a complete and careful consideration of the relevant mitigating factors of youth" may the court impose a minimum term of incarceration. *Id.* (citation omitted).  But when it does determine such a minimum term is necessary, we give the sentencing court considerable deference.  *See id.* at 387 ("We trust the sentencing courts to know, after applying the factors, when a mandatory minimum term of incarceration for juvenile offenders is warranted."). The court is required to consider several factors in determining whether a mandatory minimum term is appropriate:

> (1) The age of the offender and the features of youthful behavior, such as "immaturity, impetuosity, and failure to appreciate risks and consequences";
> (2) The particular "family and home environment" that surround the youth;
> (3) The circumstances of the particular crime and all circumstances relating to youth that may have played a role in the commission of the crime;
> (4) The challenges for youthful offenders in navigating through the criminal process; and
> (5) The possibility of rehabilitation and the capacity for change.

---

[2] Goodale also claims that the sentencing court did not exercise any discretion at all and simply imposed a mandatory minimum sentence.  But we do not find that this is supported by the record.  The court conducted a painstaking, careful review of the case before imposing a minimum sentence and noted its requirement to consider the factors specified for juvenile offenders when exercising its discretion. We therefore find this argument without merit.

*State v. Lyle*, 854 N.W.2d 378, 404 n.10 (Iowa 2014) (cleaned up) (citations omitted); *accord* Iowa Code § 902.1(2)(b)(2)(a)–(v) (requiring the court to consider certain factors when sentencing a juvenile offender).

Upon our own review of the record, we find the court thoroughly considered each of these factors when sentencing Goodale. While the court recognized that Goodale "did not fully appreciate the consequences of his actions" and was influenced by his co-defendant, it also noted that he "was a bright student and intelligent teenager" who "could have stopped this from happening." The court also considered his home life, noting that while his relationship with his mother was strained, Goodale has "a caring father and involved siblings." In terms of the crime itself, the court found it was "cruel" and "as heinous of a murder as can be imagined," and that brutality was "a significant aggravating factor." But despite the seriousness of the charges and Goodale's inexperience with the legal system, he had zealous advocacy and was "able to assist in his defense." Finally, Goodale was considered "a very good candidate for rehabilitation" if he is "able to take advantage of the programming and education in the Iowa prison system."

While the court found many of the *Lyle* factors mitigating, it determined that its imposed sentence "balances the heinous criminal act of the defendant and loss of precious life with the required mitigating factors that juveniles are given under the law at sentencing." The court went on further, explaining why a minimum term was so necessary here. Based on the egregiousness of the crime, where "[t]he victim was stalked and struck repeatedly with a baseball bat" over a poor grade, the court stated this was not "a typical juvenile [murder] case. This is beyond the

pale." "Some juveniles will deserve mandatory minimum imprisonment," and this does not constitute an abuse of discretion. *Lyle*, 854 N.W.2d at 403; *accord Roby*, 897 N.W.2d at 141, 143 (expressly "limit[ing] our holding in *Lyle* to statutorily imposed minimums," not "forbid[ding] the court from imposing a minimum sentence"). "The court did not overlook relevant factors that should have been given significant weight, did not consider any improper factors, and did not commit a serious error in judgment." *State v. Deng*, No. 22-2079, 2024 WL 1295606, at *3 (Iowa Ct. App. Mar. 27, 2024). We therefore find no abuse of discretion by the court in its consideration of the relevant factors.

Finally, Goodale argues that the sentencing court abused its discretion by contradicting Iowa law and imposing a mandatory minimum because the Iowa Board of Parole was in the best position to determine Goodale's sentence. But the Board of Parole does not have authority or discretion to impose sentences; the sentencing court does. *See* Iowa Code §§ 904A.4(1) (permitting the Board of Parole to "interview and consider inmates for parole"), 901.5 (permitting the court to "pronounce judgment" and determine appropriate sentencing options for convicted offenders). Further, the sentencing court imposed a sentence that falls within the statutory requirements. *See id.* § 902.1(2)(a)(1)–(3) (permitting the court to impose either a life sentence "with no possibility of parole," "the possibility of parole after serving a minimum term of confinement," or parole eligibility with no minimum term for juvenile offenders convicted of first-degree murder). To the extent that Goodale argues that Iowa caselaw is changing and asks us to reverse such precedent, we lack the authority. *See State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014) ("We are not at liberty to overrule controlling supreme court

precedent."). We similarly cannot take the place of the legislature and revise the statute. *See State v. Hauge*, 973 N.W.2d 453, 466 (Iowa 2022) ("leav[ing] policy decisions to the legislature" because the role of the courts is "to interpret the Iowa Constitution" (citation omitted)). Accordingly, we must affirm.

## IV.     *Disposition.*

Because the district court did not abuse its discretion when sentencing Goodale, we affirm his sentence.

**AFFIRMED.**